UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA  :  Honorable William H. Walls

          v.  :  Criminal Number 04-772 (WHW)

ANTHONY STEWART  :  ORDER

     On May 3, 2005, this matter came before the Court on an application of Anthony Stewart (by his attorney Andrea D. Bergman, Esq.) for a hearing under to 18 U.S.C. § 4243(c) to determine whether Anthony Stewart's unconditional release from the Federal Medical Center, Devens, Massachusetts (hereinafter "FMC-Devens") would create a substantial risk of bodily injury to another person because of a present mental disease or defect.

     WHEREAS, on October 25, 2004, this Court found Anthony Stewart not guilty only by reason of insanity under 18 U.S.C. § 4242(b)(3) and ordered, among other things, that medical personnel at FMC-Devens perform a psychiatric examination of Anthony Stewart in accordance with 18 U.S.C. § 4247(b) within thirty days from the date of the Court's Order and file such report with the Court.

     WHEREAS, medical personnel at FMC-Devens performed a psychiatric examination of Anthony Stewart as ordered by the Court, and on or about December 30, 2004, filed such report with the Court.

WHEREAS, on May 3, 2005, this Court conducted a hearing under 18 U.S.C. § 4243(c) and considered the testimony of witnesses, including witnesses called on behalf of Anthony Stewart, documentary evidence, and the Court ordered psychiatric examination.

THIS COURT FINDS that Anthony Stewart was found not guilty only by reason of insanity of an offense involving bodily injury;

THIS COURT FURTHER FINDS that Anthony Stewart suffers from a present mental disease or defect; and

THIS COURT FURTHER FINDS that Anthony Stewart has not proved by clear and convincing evidence that his unconditional release from FMC-Devens would not create a substantial risk of bodily injury to another person because of his present mental disease or defect.

THEREFORE, IT IS, on this _17th_ day of May 2005,

ORDERED that defendant Anthony Stewart is hereby committed to the custody of the Attorney General under 18 U.S.C. § 4243(e) until such time as Anthony Stewart's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would not create a substantial risk of bodily injury to another person or serious damage to property of another person.

2

IT IS FURTHER ORDERED that the Director of FMC-Devens will promptly file a certification with the Clerk of the Court as required under 18 U.S.C. § 4243(f) when the Director determines that Anthony Stewart has recovered from his mental disease or defect to such an extent that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another person.

IT IS FURTHER ORDERED that the Director of FMC-Devens will comply with the limitations on furloughs, as stated in 18 U.S.C. § 4243(h).

HONORABLE WILLIAM H. WALLS
UNITED STATES SENIOR DISTRICT JUDGE