**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | Crim. No. 04-772(WHW) |
| v. : | CONSENT ORDER FOR |
| ANTHONY STEWART : | CONDITIONAL RELEASE UNDER |
| : | 18 U.S.C. § 4243(f) |

WHEREAS this Court, by Order dated October 25, 2004, Anthony Stewart not guilty but only by reason of mental illness; and

WHEREAS, the Court, upon hearing pursuant to 18 U.S.C. § 4243(c), found that Anthony Stewart suffered from a mental disease or defect and could not demonstrate by clear and convincing evidence that his unconditional release would not create substantial risk of bodily injury to another pursuant to 18 U.S.C. § 4243(c); and

WHEREAS the Court therefore signed an order dated May 17, 2005 committing Anthony Stewart to the custody of the Bureau of Prisons until such time as Anthony Stewart's mental condition was such that his release, or his conditional release under a prescribed regimen of medical, psychiatric or psychological care or treatment would not create a substantial risk of bodily injury to another person; and

WHEREAS, the Bureau of Prisons' Federal Medical Center in Devens, Massachusetts has submitted to the Court a Certificate of Recovery, a Conditional Release letter, and a March 4, 2008 Risk Assessment Panel Report; and

WHEREAS, the Bureau of Prisons' Federal Medical Center at Devens, Massachusetts is recommending Anthony Stewart be released upon conditions as outlined in its November 25, 2008 Conditional Release letter; and

WHEREAS the parties are in agreement that Anthony Stewart should be released pursuant to the conditions set forth in the Bureau of Prisons' Federal Medical Center at Devens, Massachusetts November 25, 2008 Conditional Release letter;

The Court hereby finds that Anthony Stewart has recovered from his mental disease to such an extent that his conditional release under a prescribed regimen of medical, psychiatric and psychological care and treatment will no longer create a substantial risk of bodily injury to another person.

IT IS, THEREFORE, ORDERED,

ON THIS 23 day of January, 2009

1. Anthony Stewart be released from the custody of the Bureau of Prisons' Federal Medical Center in Devens, Massachusetts;

2. Anthony Stewart's release is conditioned upon fulfillment of all recommended conditions as set forth in the Bureau of Prison's Conditional Release letter dated November 25, 2008, which is hereby appended to this Order along with the Certificate of Release November 25, 2008 and the Risk Assessment Panel Report dated March 4, 2008.

Hon. William J. Walls, USDJ

The ordered is consented to by the parties:

Anthony Moscato, Esq.
Assistant United States Attorney

Andrea D. Bergman, Esq.
Assistant Federal Public Defender
counsel for Anthony Stewart



U.S. Department of Justice

Federal Bureau of Prisons

*Federal Medical Center, Devens*

P.O. Box 880
Ayer, MA 01432

November 25, 2008

The Honorable William H. Walls
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

RE: **STEWART, Anthony**
Reg. No. **23300-050**
Case Number: **04-772 (WHW)**

Dear Senior District Judge Walls:

Your Order, dated May 17, 2005, committed Anthony Stewart to the custody of the Attorney General for care and treatment under the provisions of Title 18, United States Code, Section 4243. He has been found Not Guilty only by Reason of Insanity on a charge of Assault with a Dangerous Weapon with Intent to do Bodily Harm. Mr. Stewart has been receiving treatment at the Federal Medical Center (FMC), Devens, Massachusetts, since June 26, 2002.

Mr. Stewart underwent his most recent Risk Assessment Panel Review on March 4, 2008. The Risk Assessment Panel restated their opinion that Mr. Stewart has improved to the extent that he can be considered for a conditional release. Therefore, it is recommended Mr. Stewart be released pursuant to Title 18, United States Code, Section 4243(f)(2), under the following conditions:

1. Mr. Stewart will reside at the Urban Renewal Program located at, 224 Sussex Avenue, Newark, New Jersey 07103. This residential program is operated through the Urban Renewal Corp. and Turning Point, Inc., and has staff available 24 hours-a-day. Any changes in residence must be approved through his United States Probation Officer.

2. Mr. Stewart shall participate in mental health and substance abuse services deemed necessary through the Urban Renewal Corp. and Turning Point, Inc., located at, 224 Sussex Avenue, Newark, New Jersey 07103, telephone number: (973) 483-2882, or through another agency approved through United States Probation, and will comply with treatment recommendations made by his probation officer and/or the mental health professionals.

3. Mr. Stewart will be monitored by mental health professionals for evidence of psychiatric difficulties and will continue to take medication as ordered, which may be adjusted by his clinicians. Initially, his psychiatric treatment and medication management will be supervised by the Urban Renewal Corp.

4. Mr. Stewart will consent to have the Urban Renewal Corp. be appointed his Representative Payee for his Social Security payments. If any changes in Representative Payee status are required, his United States Probation Officer should be notified.

5. Upon the recommendation of the medical provider or probation officer, Mr. Stewart will voluntarily admit himself into a hospital for treatment. If he refuses, involuntary state civil commitment procedures should be considered and a local or state hospital should be utilized, if possible. If local or state facilities are unable to ensure the safety of others, the probation officer shall contact this Court for further instructions and possible designation or return to federal custody.

6. Mr. Stewart will be supervised by the United States Probation Office, District of New Jersey. Currently, his case is assigned to Senior United States Probation Officer, Ms. Donna Shaw, telephone number: (973) 223-7631. This includes his voluntary consent to waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of his information with the supervising United States Probation Officer, who will assist in evaluating his ongoing appropriateness for community placement.

7. Pursuant to Title 18, United States Code, Section 4247(e), annual reports shall be filed by the probation office with the Court, with copies to the Assistant United States Attorney, Mr. Stewart's Federal Public Defender, and the Warden of the Federal Medical Center (FMC), Devens, Massachusetts.

8. Mr. Stewart will remain under the supervision of the United States Probation Office until he is discharged from all mental health treatment and/or his federal civil commitment. The primary treatment provider may be changed with the approval of the United States Probation Office.

9. That he not have in his possession at any time any actual or imitation firearm, destructive device, or other deadly weapon. He shall submit to a search without a warrant at the request of a probation officer or any law enforcement officer of his person and property, which will include vehicles or premises for the purpose of determining compliance with this condition. Revocation of conditional release is mandatory for possession of a firearm.

10. That he abstain from the use of alcohol, illegal narcotic substances, or drugs. He shall not frequent places where alcohol or illegal drugs are known to be the primary place of possession, manufacture, or distribution.

11. Mr. Stewart will have a substance abuse assessment completed through Turning Point, Inc. and/or an agency approved through United States Probation. He may be required to submit to testing for use of drugs and alcohol at the direction of the Turning Point, Inc. and/or his probation officer. He will voluntarily waive his rights to allow communication among all agencies involved with his substance abuse monitoring or treatment.

12. The United States Marshals Service shall be notified to return Mr. Stewart to the custody of the Attorney General if it is determined Mr. Stewart has violated any of the conditions which are established for him.

13. Mr. Stewart shall comply with the other standard conditions of release as proposed by the United States Probation Office.

Mr. Stewart is aware of and agrees to abide by these conditions and any other the Court may impose. He is cognizant of the possible consequences should he fail to comply with any of these conditions, including the possible revocation of his Conditional Release and subsequent return to the custody of the Attorney General. Mr. Stewart understands that his treating therapists and staff will be advised to report any violations of his Conditional Release to the Court by contacting his probation officer.

Ms. Donna Shaw, Senior United States Probation Officer, District of New Jersey, has been notified of the proposed conditions. Based on annual updates through the United States Probation Office, if Mr. Stewart remains in good standing with the Conditions of his Probation, it has been requested for the Court to revisit Mr. Stewart's civil commitment five years from his date of release and consider releasing Mr. Stewart from his civil commitment, which ultimately would release him from the aforementioned conditions.

If the Court is in agreement with our proposal, my staff are prepared to provide Mr. Stewart with an escort to New Jersey. Transportation arrangements will be made once a Release Order is received by our institution. Staff at FMC Devens have been notified through the Urban Renewal Corp. that there are currently several beds available, and one should be available for Mr. Stewart once a decision has been made through the courts. Please advise us if we can be of further assistance to the Court.

If you should require any additional information or documentation concerning this case, please contact Mr. Stewart's Social Worker, Sara Rasmussen, LCSW, at (978) 796-1463. Two copies of this proposal and accompanying information have been included for distribution to the appropriate attorneys.

Sincerely,

*Edward Johnson* Acting

Carolyn A. Sabol
Warden

Enclosures:
1. Certificate of Recovery
2. Risk Assessment Report (5/14/08)
3. Letter of Acceptance from Probation
4. Letter of Acceptance from the Urban Renewal Corp.

## CERTIFICATE OF IMPROVED MENTAL CONDITION AND REQUEST FOR CONDITIONAL RELEASE FROM HOSPITALIZATION

This is to certify that Anthony Stewart, Reg. No. 23300-050, a patient currently housed in the psychiatric hospital at the Federal Medical Center (FMC), Devens, Massachusetts, has recovered from his mental disease or defect to such an extent that his conditional release under the attached regimen of care and treatment would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another. The above-named patient was originally hospitalized for care and treatment on May 17, 2005, by the Honorable William H. Walls.

Pursuant to Title 18, U.S.C., § 4243(f), I am requesting this Court immediately order the above-named patient to be discharged from the FMC Devens psychiatric hospital.

I declare under penalty of perjury that the foregoing statements are true and correct.

_____
Carolyn A. Sabol
FMC Devens

__11/25/08__
Date



U.S. Department of Justice
Federal Bureau of Prisons
*Federal Medical Center, Devens*
*P.O. Box 880*
*Ayer, MA 01432*

## RISK ASSESSMENT PANEL REPORT

STEWART, Anthony
Reg No.: 23300-050
Case No.: 04-772 (WHW)
May 14, 2008

**FOI EXEMPT**

### REFERRAL INFORMATION:

Anthony Stewart is a 46-year-old, African-American man committed to the custody of the Attorney General on May 17, 2005, by the Honorable William H. Walls, United States Senior District Judge, under the provisions of Title 18, United States Code, Section 4243. He was found not guilty by reason of insanity for Assault with a Dangerous Weapon with Intent To Do Bodily Harm (Attempted Murder) on October 25, 2004. This report addresses whether Mr. Stewart continues to suffer from a mental disease or defect which would create a substantial risk of bodily injury to another person or serious damage to the property of another if he were released to the community.

### ASSESSMENT PROCEDURES:

The following documents and materials were reviewed in the preparation of this report:

1. United States District Court, Los Angeles, California, Presentence Reports, dated October 16, 1980, and May 25, 1982;
2. NCIC criminal history record;
3. Specialized Physical Medicine and Rehabilitation Clinics, psychological evaluation, dated August 6, 1997;
4. Federal Medical Center, Butner, North Carolina, Case Summary, dated March 12, 2003;
5. Forensic Evaluation by Gordon Lavin, M.D., dated April 26, 2003;
6. Federal Medical Center, Butner, North Carolina, Annual Forensic Update, dated April 26, 2004; and
7. Federal Medical Center, Devens, Massachusetts, Risk Assessment Panel Reports, dated April 11, 2006, and May 11, 2007.

The Risk Assessment Panel reviewed the patient's current medical record and interviewed members of his treatment team on March 4, 2008. In addition, Mr. Stewart participated in an interview with the Panel. He indicated his understanding of the purpose of the interview and the lack of confidentiality of the evaluation findings.

Risk Assessment Panel Report - Page 2 of 7
STEWART, Anthony, Reg. No. 23300-050
May 14, 2008

## BACKGROUND INFORMATION:

**FOI EXEMPT**

The following information regarding Mr. Stewart's history is taken from reports previously submitted to the Court.

Mr. Stewart was born on June 20, 1961, in Newark, New Jersey, to an unmarried couple. Both his mother and father are deceased. Records are inconsistent with regard to whether Mr. Stewart has siblings; some reports indicate he is an only child, others that he has one. Mr. Stewart attended public school until the eleventh grade, when he dropped out. He later obtained his GED. He worked at various jobs in warehouses, factories, and restaurants. Mr. Stewart has never married and has no children.

## MENTAL HEALTH HISTORY:

Records indicate Mr. Stewart's first psychiatric hospitalization was at the Ann Klein Forensic Center in New Jersey in July 1992 where he was diagnosed with Schizophrenia, Paranoid Type, and prescribed the antipsychotic medication Trilafon.

On April 29, 1999, Mr. Stewart was arrested after seriously assaulting a customer at a United States Post Office. While housed at the Hudson County Jail, he reportedly attacked an officer and was transferred to the Ann Klein Forensic Center on May 15, 1999. During that hospitalization, he presented as guarded and exhibited disorganized behavior. He was diagnosed with Schizophrenia, Catatonic Type.

On July 14, 2000, Mr. Stewart underwent a competency to stand trial and criminal responsibility evaluation at the Metropolitan Correctional Center (MCC) in New York, New York. The evaluating clinician observed that Mr. Stewart exhibited grandiosity and hyper-religiosity, possibly of delusional proportions. Mr. Stewart was diagnosed with Schizophrenia, Disorganized Type, and Antisocial Personality Disorder. The evaluator did not offer a direct opinion on competence or criminal responsibility but concluded Mr. Stewart was "seriously mentally ill", and was "mentally ill throughout the period of the offense conduct."

Following the evaluation, Mr. Stewart was housed in the Union County Jail, where he continued to present as paranoid and disorganized. On November 10, 2000, he was evaluated by another forensic psychologist for competence to stand trial and criminal responsibility. Mr. Stewart's diagnosis remained unchanged, and the evaluator concluded he was not competent to stand trial.

On January 17, 2001, Mr. Stewart was found not competent to stand trial by the U.S. District Court in New Jersey. Between February and June 2001 he underwent treatment at FMC Devens to restore his competency to stand trial. He was opined to be competent to stand trial in June 2001. However,

Risk Assessment Panel Report - Page 3 of 7
STEWART, Anthony, Reg. No. 23300-050
May 14, 2008

**FOI EXEMPT**

prior to his competency hearing, he did not receive his psychotropic medication, and his mental status deteriorated.

In February 2002 Mr. Stewart was again evaluated for competence to stand trial and was opined to no longer be competent. In June 2002 the Court ordered Mr. Stewart to return to FMC Devens for treatment to restore his competency to stand trial. He remained at FMC Devens from June 25, 2002, through October 24, 2002. His diagnosis was Schizophrenia, Residual Type. Mr. Stewart was opined to be competent to stand trial at the conclusion of the evaluation.

Mr. Stewart was found not guilty by reason of insanity for Assault with a Dangerous Weapon with Intent To Do Bodily Harm (Attempted Murder) on October 25, 2004. On May 17, 2005, he was committed to the custody of the Attorney General under the provisions of Title18, United States Code, Section 4243.

## SUBSTANCE USE HISTORY:

Previous records indicate that Mr. Stewart has denied any history of using alcohol or other drugs, although his criminal record indicates possession of at least drug paraphernalia on several occasions.

## HOSPITAL COURSE AND TREATMENT:

At the time of his June 26, 2002, admission to FMC Devens, Mr. Stewart was housed on a locked mental health unit before being moved to an open unit. In November 2002 Mr. Stewart hit a staff member and kicked another in the groin after being ordered to submit to hand restraints. As a result, he was returned to a locked mental health unit, where he remained until April 2003. From April 2003 to March 2007 Mr. Stewart remained on an open unit and complied with institution rules. On March 20, 2007, he was returned to a locked unit after exposing himself to a contract nurse when receiving his antipsychotic injection. His treating clinician indicated his behavior did not appear to be related to his mental illness. Mr. Stewart was found responsible for the incident and was sanctioned to ten days of disciplinary segregation. Mr. Stewart returned to an open unit on April 12, 2007. He has remained on the open unit since that time. He has incurred no new incident reports and is consistently appropriate in his interactions with staff and his peers.

Mr. Stewart's current medications are the antipsychotic Haldol Decanoate 75 mg IM every 3 weeks and Artane 15 mg per day, for side effects. He voices no current complaints and denies medication side effects. His psychotic symptoms appear to be in remission on the current medication regimen.

At the time this report was prepared, Mr. Stewart was being treated medically for hypercholesterolemia with Simvastatin. He has an eye condition called ectropion, more significant

Risk Assessment Panel Report - Page 4 of 7
STEWART, Anthony, Reg. No. 23300-050
May 14, 2008



on the right eye. This is a static condition and is of primarily a cosmetic nature. His vision is not affected.

## DIAGNOSTIC IMPRESSIONS:

The following diagnoses are offered in accordance with the criteria set forth in the *Diagnostic and Statistical Manual of Mental Disorders-Fourth Edition-Text Revision (DSM-IV-TR)*. Diagnoses of Axis III medical conditions are based on the impressions of FMC Devens medical staff.

| | | |
|---|---|---|
| Axis I: | 295.30 | Schizophrenia, Paranoid Type |
| Axis II: | | Antisocial Personality Traits |
| Axis III: | | Bilateral Ectropion, Hypercholesterolemia |
| Axis IV: | | Problems related to legal system/civil commitment |
| Axis V: | | GAF = 65 |

## HISTORY OF VIOLENCE AND ANTISOCIAL BEHAVIOR:

According to the National Crime Information Center, Mr. Stewart has the following criminal history:

| | |
|---|---|
| September 2, 1981 | Possession of Stolen Property in West Orange, New Jersey. Received a 30-day suspended sentence, one year probation, and a $210 fine. |
| June 3, 1982 | Shoplifting in Newark, New Jersey. Disposition unknown. |
| March 15, 1985 | Shoplifting in Hillside, New Jersey. Received 10 days' confinement, six days' suspended confinement, and a $175 fine. |
| July 9, 1985 | Shoplifting in Bloomfield, New Jersey. Received 90 days' confinement and a $75 fine. |
| December 14, 1985 | Attempt to Commit Larceny in Hillside, New Jersey. Charge dismissed. |
| February 28, 1986 | Receiving Stolen Property, Possession of a Weapon, and Drug Offense in Newark, New Jersey. Charges dismissed. |

Risk Assessment Panel Report - Page 5 of 7
STEWART, Anthony, Reg. No. 23300-050
May 14, 2008

**FOI EXEMPT**

| Date | Offense |
|---|---|
| May 5, 1987 | Shoplifting in Hillside, New Jersey. Received 90 days' confinement, 90 days' suspended confinement, and a $305 fine. |
| July 18, 1987 | Shoplifting in Clifton, New Jersey. Received a $305 fine. |
| September 18, 1987 | Making a False Report in Clifton, New Jersey. Disposition unknown. |
| October 13, 1987 | Possession of Stolen Property in North Arlington, New Jersey. Charge dismissed. |
| October 27, 1987 | Unauthorized Use of a Vehicle in Chatham, New Jersey. Received 22 days' confinement, two years probation, and a $70 fine. |
| December 7, 1987 | Resisting Arrest in Hudson County, New Jersey. Received 30 days' confinement. |
| January 12, 1989 | Criminal Possession of Stolen Property. Disposition unknown. |
| March 5, 1991 | Assault in Newark, New Jersey. Charge dismissed. |
| March 22, 1991 | Damaging Property, Burglary, Trespassing and Larceny in Hillside, New Jersey. Received four years' confinement (233 days jail time credit) and a $60 fine. |
| December 9, 1993 | Criminal Trespass 2nd Offense. Disposition unknown. |
| November 5, 1994 | Obstructing the Administration of Law in Kearny, New Jersey. Received 30 days' jail credit and a $93 fine. |
| October 22, 1996 | Possession of Drug Paraphernalia. Disposition unknown. |
| June 6, 1998 | Defiant Trespasser and Obstruction of Administration of Law (New Jersey Transit Authority). Disposition unknown. |
| June 25, 1998 | Simple Assault in Newark, New Jersey. Disposition unknown. |
| September 24, 1998 | Aggravated Assault in Newark, New Jersey. Disposition unknown. |
| February 15, 1999 | Public Lewdness and Criminal Trespass 3rd Offense. Sentenced to 20 days' incarceration. |

Risk Assessment Panel Report – Page 6 of 7
STEWART, Anthony, Reg. No. 23300-050
May 14, 2008

**FOI EXEMPT**

April 29, 1999  Possession of Weapon, Criminal Attempt and Murder in Harrison, New Jersey. Charges dismissed.

June 12, 2000  Assault with a Dangerous Weapon with Intent to Do Bodily Harm (Attempted Murder). This incident occurred at the Harrison Post Office in Harrison, Hudson County, New Jersey, on April 29, 1999. Mr. Stewart attacked a female customer with a Leatherman tool. According to records of the incident, Mr. Stewart approached the victim from behind and stabbed her several times with the weapon. This offense resulted in Mr. Stewart's eventual commitment.

While confined at FMC Devens in November 2002 Mr. Stewart hit a staff member and kicked another in the groin after being ordered to submit to hand restraints. He received incident reports for Assaulting With Serious Injury and Assaulting Without Serious Injury. On March 20, 2007, he received an incident report for Indecent Exposure after he exposed his genitals to a contract nurse when receiving a medication injection.

## COMMUNITY RESOURCES:

Mr. Stewart has never married and has no children. Both of his parents are deceased. In the past, the home of his cousin, Wanda McNeil of Hillside, New Jersey, was considered as a possible placement option. However, Ms. McNeil has not responded to recent staff communications about her willingness to assist Mr. Stewart if he were to be released.

Within the past year, Social Work staff submitted an Interstate Compact Packet to New Jersey. Currently, Mr. Stewart is working with staff on an application to Urban Renewal Corporation, based on a recommendation from the United States Probation Officer.

## INTERVIEW IMPRESSIONS AND MENTAL STATUS:

Mr. Stewart was interviewed by the Risk Assessment Panel on March 4, 2008. He presented as somewhat disheveled, but with appropriate motor behavior, speech, and flow of thought. He denied depressed mood and suicidal thoughts. Mr. Stewart denied auditory and visual hallucinations. He also denied thoughts and beliefs consistent with delusional beliefs. His insight into his mental illness and substance abuse problems was fair. Mr. Stewart admitted using alcohol in the past. He said the psychiatric medications were helpful because they kept him from being "rowdy." He said he knew that if he stopped taking medications or drank alcohol, he might "assault somebody for nothing." He expressed a willingness to continue treatment if released to the community. He expressed an awareness of other requirements of conditional release.

Risk Assessment Panel Report - Page 7 of 7
STEWART, Anthony, Reg. No. 23300-050
May 14, 2008

**FOI EXEMPT**

## OPINIONS AND RECOMMENDATIONS:

Whether a person will engage in violent behavior is a function of a variety of factors which include history, personal disposition, and situational variables which cannot all be known in advance. Although it is possible to consider the available historical data and the anticipated placement and situational factors to estimate relative risk, any opinion about the dangerousness of an individual is of only limited accuracy, and the accuracy of the opinion diminishes over time.

Mr. Stewart was recommended for a conditional release by the Risk Assessment Panel in 2006. During the past year, he has demonstrated good behavioral control, has resided on the least restrictive mental health unit, has remained medication compliant, and has presented with no psychotic symptoms. He exhibits fair insight into his mental illness and appears motivated to work toward a conditional release.

It remains the opinion of the Risk Assessment Panel members that Mr. Stewart has recovered from his mental illness to such an extent his conditional release under a prescribed regimen of treatment would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another. Social Work staff will continue to search for a suitable structured and supervised placement in the community.

Shawn Channell, Ph.D., ABPP
Forensic Psychologist
Board Certified in Forensic Psychology
Panel Chairperson

Report prepared by:

Christine Scronce, Ph.D.
Forensic Psychologist
Panel Member

# UNITED STATES DISTRICT COURT
## PROBATION OFFICE
### DISTRICT OF NEW JERSEY

CHRISTOPHER MALONEY
CHIEF PROBATION OFFICER

WILFREDO TORRES
SENIOR DEPUTY CHIEF PROBATION OFFICER

DEPUTY CHIEF PROBATION OFFICER
THOMAS C. MILLER

November 17, 2008

SUPERVISION UNIT
20 WASHINGTON PLACE
6TH FLOOR
NEWARK, NJ 07102-3172
(973) 645-6161
FAX: (973) 645-2155

www.njp.uscourts.gov

Ms. Sara Rasmussen, LCSW
Federal Bureau of Prisons
Federal Medical Center, Devens
P.O. Box 880
Ayer, MA 01432

RE: STEWART, Anthony
Reg. No.: 29300-050
Case Number: 04-772 (WHW)
**CONDITIONAL RELEASE PLAN**

Dear Ms. Rasmussen:

A prerelease investigation has been completed pertaining to the above-named inmate and all documentation provided by the Bureau of Prisons has been carefully reviewed. Mr. Robert George, social worker at the Urban Renewal Program, located at 224 Sussex Avenue, in Newark was interviewed at length regarding this placement for inmate Stewart.

As noted in your correspondence, and confirmed by this officer, Urban Renewal has staff available to Stewart 24-hours a day, will provide mental health treatment and provide continued assessments pertaining to Stewart, will provide substance abuse treatment and testing in conjunction with the Turning Point Program, and will house Stewart in their main facility as noted above.

The proposed release plan appears appropriate and acceptable. It is imperative that prior to Stewart's release, it is confirmed with Urban Renewal that they have a bed available for him, that Stewart be released with a 30 day supply of all prescribed medications, that Stewart be released with a new written prescription, and that he be directed to contact this officer immediately upon his arrival to the Urban Renewal Program.

If you should require any additional information or correspondence concerning the release plan, please contact the undersigned officer at (973) 645-2026 or (973) 223-7631.

Sincerely,

By: Donna W. Shaw
Senior U.S. Probation Officer

DWS/

TOTAL P.02

**Urban Renewal Corp & Turning Point, Inc.**
224 Sussex Avenue
Newark, New Jersey 07103
973-483-2882
973-497-0092 Fax

October 7, 2008

<u>Re: Housing Services for Mr. Anthony Stewart</u>

Sara Rasmussen
PO Box 880
FMC Devens
Ayer, Mass 01432

As per our previous conversations regarding the above named client Urban Renewal Corp & Turning Point, Inc. will provide all of the following services.

Urban Renewal Corp will provide housing accommodations.

Turning Point, Inc. will provide all necessary Substance Abuse Treatment In-Patient & Intensive Case Management with all relevant referrals for mental health.

Client will be processed and housed at the above listed address with the assistance of Essex County Welfare for Emergency Assistance (Housing) Medicaid and Food Stamps.

Should you require any additional information please contact this writer at the above listed phone number (Ext 105)

Robert George
Turning Point, Inc.